CORYELL v. GOSE.

(Court of Civil Appeals of Texas. Austin. Jan. 3, 1912.)

NUISANCE (§ 49*)—MANUFACTURING ESTABLISHMENT—CONTIGUITY TO RESIDENCE—EVIDENCE.

In an action for injuries to plaintiff's residence by the maintenance and operation of defendant's cotton gin adjoining the same, evidence *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 115–117; Dec. Dig. § 49.*]

Error to District Court, San Saba County; Clarence Martin, Judge.

Action by T. A. Gose against R. G. Coryell. Judgment for plaintiff, and defendant brings error. Affirmed.

P. M. Faver and Leigh Burleson, for plaintiff in error.

JENKINS, J. There is but one error complained of in this case, and that is that the evidence does not support the judgment. The case was tried before the court without a jury. Plaintiff, defendant in error herein, brought this suit to recover $500 for injuries alleged to have been inflicted by plaintiff in error by reason of the construction and operation of a cotton gin contiguous to defendant in error's residence. The court rendered judgment for defendant in error for $55.

The defendant in error testified that his residence cost him $500, and that the lots upon which the same was erected cost $500. He further testified that his property was depreciated one-half by reason of the erection and operation of said gin. He also testified: "Since the gin commenced running, it made so awful much noise that it was simply unbearable for a woman to live in the house. * * * When the wind is about southeast or east, the dirt goes all over the place there, and it has been so fogged up a few times that I could just taste it. * * * I have noticed dust on the inside of the house and about the house. You can't keep from noticing the dust. The fine lint settles on the window screens, and you can see it there quicker than anywhere else. It settles on the milk and on the table. I have seen a crock of milk set on the table a few minutes, and it will cover it with a thin skim of real fine lint."

A party may or may not be entitled to recover damages by reason of the erection of a manufacturing establishment contiguous to his residence. The allegations of the petition in this case were sufficient as a basis for such damages. In fact, there was no demurrer to the petition.

We think the evidence is sufficient to support the finding of the court, for which reason the judgment herein is affirmed.

Affirmed.